In re Mary Catherine SCHWASS,
Debtor.

Pacific Capital Bancorp, a national
association dba Santa Barbara
Bank & Trust, Movant

v.

Mary Catherine Schwass, Respondent.

No. 07–03532–B7.

United States Bankruptcy Court,
S.D. California.

Nov. 6, 2007.

D.J. Rausa, Esq., Law Offices of D.J.
Rausa, San Diego, CA, for Respondent.

Michael A. Cisneros, Esq., Graham
Vaage & Cisneros, Glendale, CA, for Movant.

ORDER ON MOTION FOR
RELIEF FROM STAY

PETER W. BOWIE, Chief Judge.

Debtor filed a timely statement of intention to reaffirm the debt secured by her
car as required under 11 U.S.C.

§ 521(a)(2)(A).[1] Secured creditor has moved for relief from stay on the ground that Debtor has failed to timely perform such intention as required under subsection 521(a)(2)(B). It is undisputed that the reaffirmation agreement required under § 524(c)(2) has not been filed with the Court. Debtor's counsel and secured creditor's counsel have each refused to prepare it—each contending that the burden lies with the other. The Court finds that the statutory scheme governing reaffirmation, and common sense place upon the secured creditor the obligation to prepare the reaffirmation agreement. Accordingly, the Court finds that Debtor has not failed to fulfill her obligations under § 521(a)(2) and hence relief from stay under § 362(h) is not warranted. The motion is denied.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (G).

## BACKGROUND

On July 2, 2007, Mary Catherine Schwass (Debtor) filed a petition commencing this chapter 7 case. Prior to the filing Debtor had borrowed money from Pacific Capital Bancorp dba Santa Barbara Bank & Trust (Movant) to purchase a 2001 Ford Explorer (Vehicle). Debtor granted Movant a security interest in the Vehicle to secured repayment of the loan.

With her petition Debtor filed a Statement of Intention which indicated that she intended to reaffirm her obligation to Movant. Counsel for Movant wrote to Debt-

or's counsel requesting that he prepare the reaffirmation agreement. Debtor's counsel replied that Debtor had no obligation to prepare the agreement, but that he would do so for a fee payable by Movant. Movant replied that it was Debtor's responsibility, thus completing the stalemate. Thirty days elapsed from the date set for the first meeting of creditors with no reaffirmation agreement having been filed. Thereafter, Movant moved for relief from stay on the ground that Debtor did not timely follow through with her intention to reaffirm. A hearing was held and the Court took the matter under submission.

## DISCUSSION

Movant seeks relief from stay under 11 U.S.C. § 362(h)(1)(B) which provides in relevant part:

(h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim ... if the debtor fails within the applicable time set by section 521(a)(2)—

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property ...; and

(B) to take timely the action specified in such statement ... unless such state-

---

1. References to statutory sections herein refer to the Bankruptcy Code as set forth in title 11 of the United States Code unless otherwise noted.

ment specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

Section 521(a)(2)(A) requires that the statement of intention be filed within 30 days of the petition. As noted, Debtor included with her petition a statement of intention to reaffirm her debt to Movant, thus complying with subsection (A).

Section 521(a)(2)(B) provides that a debtor must perform her stated intention within 30 days after the first date set for the § 341(a) meeting of creditors. In this case the meeting was set for August 9, 2007. Thus, under § 521(a)(2)(B) Debtor was required to "perform" on her statement of intention to reaffirm on or before September 8, 2007. It is undisputed that no reaffirmation agreement has been filed in this case. Thus, the issue is whether performance under § 521(b)(2)(B) requires a debtor to prepare and file the reaffirmation agreement, or whether it is sufficient that a debtor state her intent to reaffirm and stand by ready to execute a reaffirmation agreement prepared by the secured creditor—in this case Movant.

■ Reaffirmation of debts and the agreements and disclosures required therefor is governed by 11 U.S.C. § 524(c) and (k). The Court is aware of no express provision or court decision dictating that one party or the other shall prepare the reaffirmation agreement. However, it appears clear to the Court from a review of the requirements of § 524(c) and (k) that the responsibility for preparing the agreement falls on the secured creditor.

Section 524(c)(2) provides that a reaffirmed debt is excepted from discharge only if "the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement ..." If the debtor is to receive the disclosures under subsection (k), it makes sense that the disclosures come from the secured party—it would be nonsensical to have a debtor receive the disclosures from herself. It is of course possible for a debtor to receive the disclosures from her own counsel. However, debtors acting pro se are also able to reaffirm debts. See subsection 524(k)(5)(A) ("Certification of Debtor's Attorney (If Any) ...").

Subsection (k) is even more convincing. First, the disclosure statement required under subsection (c) must contain the total amount of the debt to be reaffirmed including fees and costs incurred as of the date of the disclosure statement. See subsection 524(k)(3)(C). Obviously, this is information most readily supplied by the secured creditor. Second, the disclosure statement is replete with phrases such as "may obligate you," "you have agreed," "your loan," "if you have questions," and "if you want to reaffirm." This is clearly language directed to the debtor. It would make no sense for a debtor to prepare such a disclosure statement with such disclosures to herself. Finally, the reaffirmation agreement as described in subsection (4) begins with the required phrase "I (we) agree to reaffirm" which clearly refers to the debtor(s). There is also a requirement for certification by debtor's attorney. Again, these are apparent indications that the reaffirmation agreement, along with the disclosure statement, are designed to be directed to, as opposed to prepared by, the debtor. Since the only other party to the agreement is the secured creditor whose debt is to reaffirmed, it follows that the responsibility to prepare the documents falls on such secured creditor.

The Court is comfortable with this arrangement, since it is the secured creditor

who stands to benefit from the reaffirmation of the debt. Further, under § 524(c) the reaffirmation agreement is enforceable only if, among other things, the debtor receives the prescribed disclosures on or before the time the debtor signs the agreement.

Thus, the Court holds that the statutory scheme and requirements for reaffirmation place upon the secured party whose debt is to be reaffirmed the obligation to prepare the reaffirmation agreement and the accompanying disclosure statement. The Court also holds that where, as in the case at hand, a debtor has timely filed a statement of intention to reaffirm, she complies with the requirement to "perform" such intention under subsection 521(a)(2)(B) by standing ready and willing to execute the reaffirmation agreement prepared by the secured creditor. Accordingly, the Court holds that in the case at hand relief from the automatic stay under § 362(h) is not warranted because Debtor has not failed to reaffirm. The same result may be reached by finding that Movant, by failing to provide a reaffirmation agreement for Debtor's signature, has refused to agree to reaffirmation on the original terms and thus relief is not warranted under § 362(h)(B).

### CONCLUSION

For the reasons set forth above the Court denies Movant's on for relief from stay. IT IS SO ORDERED.